IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| In re,<br>Stephen Wayne Pigg, Jr.,<br><br>　　　　　　　　　　Debtor<br><br>Joy S. Goodwin, Trustee<br>　　　　　　　　　Plaintiff,<br>　　v.<br><br>Custom American Auto Parts, LLC; Charlene Neisler; Stephen Wayne Pigg, Jr.; and Leader Industries,<br><br>　　　　　　　　　Defendants. | C/A No.:   3:14-cv-03210-JFA<br><br><br>ORDER |

**I.     INTRODUCTION**

The Bankruptcy Court for the District of South Carolina submitted to this Court its Proposed Findings of Fact and Conclusions of Law Granting Plaintiff's Motion for Default Judgment ("Proposed Findings") in the Adversary Proceeding 3:14-ap-80037. The bankruptcy court recommends that the court grant Plaintiff's motion for default judgment. The Proposed Findings set forth the relevant facts and standards of law on this matter, and the court incorporates such without a recitation.

**II.     RELEVANT PROCEDURAL HISTORY**

Defendant Stephen Wayne Pigg, Jr. ("Pigg") filed for chapter 13 bankruptcy on December 19, 2013. His bankruptcy is captioned *In re Stephen Wayne Pigg, Jr.*, Case Number 13-07511-dd, and is pending before the bankruptcy court. Joy S. Goodwin, Trustee ("Plaintiff") is the chapter 13 trustee assigned to Pigg's bankruptcy case and filed the underlying adversary proceeding seeking to avoid certain allegedly fraudulent transfers under 11 U.S.C. §§ 548(a),

1

544(b), and 549(a).  Plaintiff also seeks recovery under 11 U.S.C. § 550(a) and turnover under 11 U.S.C. §§ 542(a) and 542(b).  Plaintiff named Custom American Auto Parts, LLC; Charlene Neisler; Stephen Wayne Pigg, Jr.; and Leader Industries as defendants in the adversary proceeding (collectively, "Defendants").

### III.  LEGAL STANDARD

United States District Courts have original jurisdiction over all bankruptcy matters and related proceedings.  28 U.S.C. §§ 1334(a), (b).  Section 157(a) allows district courts to refer bankruptcy cases to the bankruptcy court.  28 U.S.C. § 157(a).  This district has referred all bankruptcy cases to its bankruptcy court.  However, in 2011, the Supreme Court of the United States in *Stern v. Marshall*, held bankruptcy courts do not have the constitutional authority to enter final judgments in certain "core proceedings." ––– U.S. –––, 131 S.Ct. 2594, 180 L.Ed.2d 475.  Under *Stern*, proceedings that are defined as "core" under 28 U.S.C. § 157(b) nevertheless may not, as a constitutional matter, be adjudicated as a "core matter"—at least in the absence of consent.

Therefore, the bankruptcy court must submit certain matters to the district court for final review and determination.  If a matter is a *Stern* claim and the parties have not consented to final adjudication by the bankruptcy court, the bankruptcy judge must submit proposed findings of fact and conclusions of law.  Then, the district court must review the proceeding *de novo* and enter final judgment.  This approach accords with the bankruptcy statute and does not implicate the constitutional defect identified by *Stern*.

### IV.  ANALYSIS

The Bankruptcy Court for the District of South Carolina previously concluded that the fraudulent conveyance claims, at issue here, are *Stern* claims—that is, proceedings that are

defined as "core" under 28 U.S.C. § 157(b) but may not, as a constitutional matter, be adjudicated as such by the bankruptcy court. *See Vieira v. Clutts* (*In re Clutts*), C/A No. 13-00184-DD, Adv. Pro. No. 13-80068-DD, p. 2 (Bankr. D.S.C. Dec. 6, 2013) (citing *Stern v. Marshall*, ⸺ U.S. ⸺, 131 S. Ct. 2594, 2609 (2011); *Granfinanciera v. Nordberg*, 492 U.S. 33, 43–47 (1989); *Official Comm. of Unsecured Creditors v. Nat'l Patent Dev. Corp.* (*In re TMG Liquidation Co.*), C/A No. 7:12-629-TMC, 2012 WL 1986526, at *2 (D.S.C. June 4, 2012); *Lain v. Erickson* (*In re Erickson Ret. Cmty, LLC*), Bankruptcy No. 09-37010-sg11, Civil No. WDQ-11-3736, 2012 WL 1999493, at *3 (D. Md. June 1, 2012); *McCarthy v. Wells Fargo Bank, N.A* (*In re El-Atari*), No. 1:11cv1090 (LMB/IDD), 2011 WL 5828013, at *2–*4 (E.D. Va. Nov. 18, 2011)).

In light of the aforementioned cases holding that fraudulent conveyance claims are *Stern* claims, the bankruptcy court submitted its proposed findings of fact and conclusions of law in accordance with the *Standing Order Concerning Title 11 Proceedings Referred Under Local Civil Rule 83.IX.01, Referral to Bankruptcy Judges*, Misc. No. 3:13-mc-00471-TLW (D.S.C. Dec. 5, 2013).

A review of the record shows that the Clerk of Court entered an entry of default as to all of the Defendants on July 10, 2014. (AP ECF No. 24). In addition to the time the Defendants had to answer the Second Amended Complaint, filed June 18, 2014, the Defendants had time to object to the bankruptcy court's finding and were advised of such right in the Proposed Findings, which was entered on the docket on August 14, 2014.[1] However, no Defendant filed any objections.

---

[1] In addition to August 14, 2014, the Proposed Findings was filed in the Adversary Proceeding on July 24, 2014 (AP ECF No. 27), then again on July 25, 2014 (AP ECF No. 28), then again on August 4, 2014 (AP ECF No. 30). The Defendants had ample time to object.

After carefully reviewing the applicable laws, the record in this case, and the Proposed Findings, this Court finds the bankruptcy court's findings fairly and accurately summarize the facts and apply the correct principles of law. This Court hereby orders that default judgment be entered against all Defendants in accordance with this Order and the Proposed Findings.[2]

As outlined in the Proposed Findings, this Court recommends the following transfers Pigg made prior to his bankruptcy filing be set aside under 11 U.S.C. §§ 548(a) or 544(b): the transfer of the Camden, South Carolina real property[3] to Defendant Charlene Neisler ("Niesler"); the transfer of vehicles and trailers in October of 2013 to Neisler;[4] and the transfer to Neisler of the name, any assets, inventory or other property of any nature that were associated with Pigg's business Custom American Auto Parts, LLC, including specifically the classic automobile parts which were later sold to Defendant Leader Industries ("Leader"). With the exception of the classic automobile parts sold to Leader, the court recommends Plaintiff, pursuant to 11 U.S.C. § 550(a), recover for the benefit of Pigg's bankruptcy estate from Neisler and Defendant Custom American Auto Parts, LLC the property transferred. With respect to the classic automobile parts sold to Leader, the court recommends Plaintiff recover pursuant to 11 U.S.C. § 550(a) the value of this property, which is $300,000, and Leader be ordered to transfer the $205,000 it is holding

---

[2] The Proposed Findings is filed in 3:14-cv-03210-JFA as ECF No. 1, and in 3:14-ap-80037 as ECF No. 27. *See also In re Pigg*, AP 14-80037-DD, 2014 WL 3704633, at *6 (Bankr. D.S.C. July 24, 2014).
[3] The property is more particularly described as 1303 and 1309 Jefferson Davis Highway, Camden, South Carolina 29020
[4] These vehicles and trailers are more particularly described as a 2004 Chevrolet Corvette, a 1969 Dodge Coronet Superbee, a 1983 Chevrolet Monte Carlo, a 2005 Chevrolet Suburban, a 1993 Case 586E fork lift, a 2008 Box Trailer double axle 24 foot trailer, a 2007 Box Trailer double axle 24 foot trailer, a 2001 Box Trailer double axle vendor trailer, and a 1999 car trailer double axle.

4

to Plaintiff for the benefit of Pigg's bankruptcy estate[5] and that First Community Bank of South Carolina[6] be ordered to do the same with the $95,000 it is holding. The court recommends that Plaintiff's causes of action under 11 U.S.C. §§ 549(a) and 542 be dismissed as moot.

    IT IS SO ORDERED.

September 9, 2014                                       Joseph F. Anderson, Jr.
Columbia, South Carolina                      United States District Judge

---

[5] On or about February 21, 2014, Pigg, Neisler, and Custom American Auto Parts, LLC shipped additional parts to Leader. The bankruptcy court held a hearing on March 4, 2014, at which Pigg's counsel in his bankruptcy case consented to entry of an Order directing Leader to retain and hold the remaining $205,000 due to Custom American Auto Parts, LLC, Pigg, and/or Neisler for those parts in trust pending further order of this Court. (Bankr. ECF No. 43).

[6] On or about January 8, 2014, Leader issued a check payable to Pigg, Neisler, and Custom American Auto Parts, LLC in the amount of $95,000. This check was deposited into account number *1193 at First Community Bank of South Carolina. The account was in the name of Custom American Auto Parts, LLC. Pigg, Neisler, and Custom American Auto Parts, LLC endorsed the check. The bankruptcy court, on February 18, 2014, entered an Order directing First Community Bank of South Carolina to retain control of the $95,000 to the extent these funds remained in account number *1193 pending further order of the bankruptcy court. (Bankr. ECF No. 22).